# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| DARYL A. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Civil No. 1:09-cv-00226-WDQ** |
| | ) | |
| THE BALTIMORE CITY | ) | |
| POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS BALTIMORE POLICE DEPARTMENT, LEONARD HAM, AND DEBORAH OWENS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO VACATE/SET ASIDE DEFAULT

Defendants Baltimore Police Department (hereinafter "BPD"), Former Police Commissioner Leonard Ham, and Former Colonel Deborah Owens (currently the Deputy Commissioner of Administration), by and through their undersigned counsel, submits this memorandum of law in support of their Motion to Vacate/Set Aside Default, and in support thereof state as follows:

### INTRODUCTION

This Court can rest assured that the Office of Legal Affairs' did not willful disregard of the rules of procedure, nor was the oversight a sign of disrespect for the Court or the Plaintiff's case.

Nevertheless, the Deputy Chief and the undersigned are the only two experienced federally barred counsel currently assigned to this division. The combination of the Office of Legal Affairs inheriting the new responsibility of prosecuting disciplinary cases for the BPD and having the Deputy Chief conflicted out of the case is not something that is likely to reoccur. Therefore, we do not expect to have to address this issue with this Court again.

Plaintiff's counsel has refused to consent to Defendants' Motion despite the fact that no prejudice has been suffered by his client, and it is well known that the Court is reluctant to enforce such a draconian sanction without such a showing. Base upon that fact alone, this Court should grant the Defendants' Motion and allow them the opportunity to defend against these serious allegations.

It must not be lost that the movants are not alleged to be physically responsible for the horrific allegations made by the Plaintiff, nor are they alleged to have actual knowledge of the events of April 26, 2006. The inclusion of the movants in this suit is clearly a strategy to pull the BPD's financial resources into the litigation.

The Plaintiff has the formidable task of proving that the BPD, its Commissioner, and its command staff condoned alleged malfeasance by individual officers. Accordingly, the Defendants, given the opportunity by the Court, will rely upon the well established defenses to such claims.

ARGUMENT

## I.  THE COURT HAS A STRONG POLICY OF ALLOWING CASES TO BE DECIDED ON THEIR MERITS.

Entry of default is left to the discretion of the Court. However, the Fourth Circuit has made it clear that it has a "strong policy" that "cases be decided on their merits. *Dow v. Jones*, 232 F.Supp.2d 491, 495-500 (D.Md.,2002); *See also U.S. v. Shaffer Equip. Co.,* 11 F.3d 450, 453 (4th Cir.1993). It has been held in an extensive line of decisions that Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. *E.g., Rooks v. American Brass*

*Co.*, 263 F.2d 166 (6 Cir. 1959) (per curiam) (reversing denial of relief below); *Consolidated Gas & Equipment Co. v. Carver*, 257 F.2d 111, 114-115 (10 Cir. 1958).

Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits. *Hutton v. Fisher*, 359 F.2d 913, 916 (3 Cir. 1966) (reversing denial of relief below). A leading authority is *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-246 (3 Cir. 1951) (reversing denial of relief below), in which the court noted, inter alia, that 'the interests of justice are best served by a trial on the merits' and that, therefore, it is 'proper for the court to consider whether any prejudice will result to plaintiff if the judgment is set aside.'

In the instant case, movants have filed their Answer, and co-defendant Harris has now been properly served (Paper #27), this case can move in its normal course. Plaintiff has not averred any prejudice in his Motion, and being mindful of the Fourth Circuit's strong preference that cases be decided on their merits, this Court should exercise its discretion and grant Defendants' request to vacate/set aside the entry of default.

## II.     THE DEFENDANTS HAVE GOOD CAUSE FOR THE FAILURE TO FILE A TIMELY ANSWER.

Rule 55(c) authorizes the district courts, "for good cause shown" to set aside the entry of default. Fed. R. Civ. P. 55(c). In the case at bar, as described above, the oversight was due to the discovery of a conflict for Deputy Chief Counsel, Neal Janey, Jr., who was to handle this case. The responsive pleading was overlooked in the transition of the case to new counsel. Regrettably, the fact that an Answer for these particular Defendants was not filed was a grave oversight, which was not discovered until the BPD's outside counsel for co-defendant Officer Rodriguez faxed a copy of the Court's

Order to undersigned counsel's office on or about June 12, 2009, while counsel was out of town attending the Maryland State Bar Conference. (*See* Exhibit D – Fax regarding Order)

Defendants never received a copy of Plaintiff's Motion for Default, nor did Plaintiff's Counsel send a courtesy letter to inquire about the untimely filing, despite having spoken to the undersigned on several occasions requesting assistance pertaining to this litigation. Plaintiff's counsel never indicated that he was aware that an Answer for the relevant Defendants had not been filed, until undersigned counsel called to request consent to this motion on or about June 15, 2009, which he ultimately refused to give.

The Court must also be made aware of the fact that Plaintiff mailed his Motion for Default Judgment to an incorrect mailing address, despite having been provided the correct address on the letterhead of correspondence sent by the undersigned regarding acceptance of service. (*See* Exhibit E – Plaintiff's Certificate of Service of the Motion for Default); (*See* Exhibit C – Letter to Mr. McGreevy)

In addition to not receiving the mailed copies of the Motion, the Defendant did not receive the electronic notices either, since an appearance was not entered on behalf of the movants.

Plaintiff's counsel was certainly aware that the Defendants intended to mount a defense to the allegations averred in the Complaint as early as his May 4, 2009 letter regarding service. (*See* Exhibit A – Plaintiff Counsel's Letter) It is important to note that, like the Motion for default, Plaintiff's counsel mistakenly sent the May 4, 2009 letter to the wrong address for the BPD, but unlike the Motion, it was at least sent to a deliverable address. The letter was sent to the Law Department in City Hall, which sent the letter

over to the BPD's Legal Affairs. The Motion, however, was mailed to 601 E Fayette Street, which does not receive direct mail. Therefore, the Defendants were unaware of the Plaintiff's motion. The correct mailing address for all BPD correspondence is 242 W. 29th Street, Baltimore, Maryland 21211, which, again, was printed on the May 21, 2009 letter sent to Plaintiff's Counsel. (Exhibit C)

Surely this oversight would have been cured much earlier had the parties communicated. However, notwithstanding the misstep, this case has not yet been litigated, as service for co-defendant Sergeant William Harris was just completed on or about June 15, 2009. (Paper #27)

In the instant case, the Defendants have taken immediate action to remedy their default, an Answer providing similar defenses has been filed by a co-defendant, the relevant Defendants have meritorious defenses to the claims made against them, the Plaintiff has not been prejudiced by the unfortunate oversight, and the Defendants' inaction was not willful. Therefore, the Defendants respectfully request that this Court vacate/set aside the default judgment entered on June 11, 2009. (Paper #24).

### III.    THE DEFENDANTS HAVE A MERITORIOUS DEFENSE.

#### A.  BPD's Defense.

Plaintiff's § 1983 claims against the BPD rest on conclusory and boilerplate allegations of deficient policies that he claims amounted to a deliberate indifference toward Plaintiff's right to be free from unreasonable seizures, and were the moving force behind Plaintiff's unconstitutional arrest. However, such bald assertions, entirely lacking in any factual support, are insufficient to sustain Plaintiff's § 1983 claims against the

BPD, even under the liberal notice pleading standards of FED. R. CIV. P. 8(a) and 12(b)(6). *See Estate of Boliek v. Estate of Frendlich*, 2005 U.S. Dist. LEXIS 11182, at *20 (D. Md. 2005) ("[B]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a…policy does exist, are insufficient.") (internal quotation marks and citation omitted); *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002) ("While the standards of pleading only require a short plain statement under Rule 8(a), the court need not accept conclusory factual allegations devoid of any reference to actual events"); *Hall v. Smith*, 2005 U.S. Dist. LEXIS 15042, at *9-13 (M.D. Fla. 2005) ("Vague and conclusory allegations [concerning municipal policy or custom] will not support a claim under 42 U.S.C. § 1983."), *aff'd per curiam*, 2006 U.S. App. LEXIS 5731 (11th Cir. 2006).

Moreover, Plaintiff fails to allege any specific facts that, if true, would support an affirmative causal connection between the alleged policies and the claimed violation of his constitutional right. *See Estate of Boliek*, 2005 U.S. Dist. LEXIS at *20 ("There must be an 'affirmative link' connecting the violation to the policy or custom"). Absent such an "affirmative link," Plaintiff's § 1983 claims against the BPD will fail.

Accordingly, the BPD certainly has a meritorious defense.

**B.     Former Commissioner Hamm and Former Colonel Owens' Defenses.**

Plaintiff has brought § 1983 claims against Commissioner Hamm and Colonel Owens in both their individual and official capacities. The Supreme Court has held that "[o]fficial capacity suits…generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks and citations omitted). Accordingly, Plaintiff's

official capacity claims against Commissioner Hamm are treated as claims against the BPD itself and must be dismissed for the reasons stated in the immediately preceding section.  (*See supra*)

### i. Plaintiff has no basis for bringing § 1983 claims against Commissioner Hamm and/or Colonel Owens in their individual capacity.

With respect to the individual capacity claims against Commissioner Hamm and Colonel Owens, the Plaintiff's allegations concerning the movants are mere conjecture. In the absence of any particularized allegations of the movants having personal knowledge of the actual incident, Plaintiff has no basis for individual liability and their individual capacity claims must fail.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977) (ruling that "liability will only lie where it is affirmatively shown that the official charged acted *personally* in the deprivation of the plaintiffs' rights") (internal quotation marks and citation omitted) (emphasis added); *see also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (ruling that a defendant sued in his individual capacity under § 1983 "must have had *personal knowledge of and involvement in* the alleged deprivation of [constitutional] rights in order to be liable") (emphasis added).

Because an official cannot be held liable unless he or she <u>acted personally</u> in the deprivation of rights, and because Plaintiff makes no claim that their injuries resulted from any personal action or inaction by Commissioner Hamm or Colonel Owens, the Court is likely to dismiss Plaintiff's individual capacity claims against Commissioner Hamm and Colonel Owens with prejudice and without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Defendants respectfully request that this Honorable Court grant their motion to vacate/set aside default.

Respectfully submitted,

___/s/_____
Mark H. Grimes (26644)
Chief Legal Counsel
Office of Legal Affairs
BALTIMORE POLICE DEPARTMENT
c/o 242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 539-0536

Attorneys for Defendants