# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARYL MARTIN,, | * |
| Plaintiff, | * |
| vs. | * Civil Action No.: 1:09-cv-00226-WDQ |
| THE BALTIMORE CITY POLICE DEPARTMENT, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS WILLIAM HARRIS AND SHAKIL MOSS' ANSWER TO COMPLAINT

Now Comes, Defendants, William Harris and Shakil Moss, by and through their undersigned counsel and hereby answers the Plaintiff's Complaint and states their affirmative defenses as follows:

### I. INTRODUCTION

1. Defendants generally deny the purported allegations set forth in the enumerated Paragraphs 1 through 7 of Plaintiff's Complaint.

### II. JURISDICTION AND VENUE

2. Defendants admits that jurisdiction and venue are proper as stated by Plaintiff's in Paragraphs 8 through 10 of the Complaint.

### III. PARTIES

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the statements in Paragraphs 11 through 18, except as to Paragraphs 12 and 13. Defendants admits that they was police officers with the Baltimore Police Department.

1

# IV. FACTS

## A.  Background (Paragraphs 19-34)

4. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 19 through 34 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

### The Creation of the Special Enforcement Teams (Paragraphs 35-41)

5. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 35 through 41 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

## The Egregious Misconduct Of, and Constitutional Violations Committed By the Police Officers and the Members of the East Side SET
## (Paragraph 42-44)

6. Defendant Harris denies the allegations asserted Paragraphs 42 through 44 of the Complaint, and Defendant Moss is without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 42 through 44 of the Complaint, and in therefore, the Defendants both deny same and demand strict proof thereof.

### The Statements of Charge (Paragraphs 45-53)

7. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 45 through 53 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

## Hamm's and Owens' Inadequate Response to the Conduct of the Police Officer
## (Paragraphs 54-56)

8. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 54 through 56 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

## V.  CAUSES OF ACTION

### COUNT I – The Police Officers' Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights (Paragraphs 60-68)

9. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 60 through 68 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

### COUNT II – The BPD's Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights (Paragraphs 69-72)

10. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 69 through 72 of the Complaint, and therefore Defendants deny same and demand strict proof thereof.

### COUNT III – Hamm's and Owens' Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights (Paragraphs 73-79)

11. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 73 through 79 of the Complaint, and therefore Defendants deny same and demand strict proof thereof.

### COUNT IV – Violation of the Maryland Declaration of Rights Against the Police Officers (Paragraphs 80-84)

12. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 80 through 84 of the Complaint, and therefore, the Defendants deny same and demand strict proof thereof.

### COUNT V – False Imprisonment – The Police Officers (Paragraphs 85-90)

13. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 85 through 90 of the Complaint, and therefore Defendants deny same and demand strict proof thereof.

### COUNT VI – Battery – The Police Officers (Paragraphs 91-95)

14. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 91 through 95 of the Complaint, and therefore Defendants deny same and demand strict proof thereof.

### COUNT VII – Intentional Infliction of Emotional Distress – The Police Officers (Paragraphs 96-100)

15. Defendants are without sufficient knowledge of information to form a belief as to the truth of the allegations asserted in Paragraphs 96 through 100 of the Complaint, and therefore Defendants deny same and demand strict proof thereof.

### V. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant acted reasonably under the circumstances and in good faith.

3. Defendant's acts are entitled to qualified immunity.

4. Plaintiff's Complaint is barred by virtue of the failure of the Plaintiffs to give the proper statutory and administrative notices prior to filing his Complaint.

5. The amounts claimed in the addendum clauses exceed that allowed by law.

6. To the extent Plaintiff suffered any injuries, losses, or damages; such were caused by his own acts or omissions.

7. To the extent Plaintiff suffered any injuries, losses, or damages; such were not proximately caused by any acts or omissions of the Defendants.

8. To the extent Plaintiff suffered any injuries, losses, or damages; such were caused by a third party.

9. To the extent Plaintiff suffered any injuries, losses, or damages; such were caused by an intervening cause.

10. Defendants did not act with malice.

11. Defendant is not the proper parties to this action.

12. Plaintiff's contributory negligence was a direct and proximate cause of any harm, damage or injury complained of in the Complaint.

13. At all times relevant to the Complaint, Defendants were performing lawful duties as members of the Baltimore Police Department, and are thus entitled to a qualified privilege and/or to qualified immunity.

14. At all times relevant to the Complaint, Defendants were performing lawful duties as a member of the Baltimore Police Department, and are thus entitled to public official immunity.

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

16. Defendant had probable cause to take all actions, in fact, taken by these Defendants respecting the Plaintiff, if any.

17. Defendants' conduct respecting the Plaintiff at all times relevant to the Complaint was neither severe, nor outrageous, nor reckless, nor grossly negligent.

18. To the extent Plaintiff received or suffered any damage or injury described in the Complaint, no such damage or injury was inflicted by these Defendants.

19. To the extent Plaintiff received or suffered any damage or injury described in the Complaint, such were caused by Plaintiffs' own action or inaction.

20. Plaintiff assumed the risk of any harm, damage or injury complained of in the Complaint.

21. The Complaint is barred by the applicable period of limitations.

22. The Complaint is barred by estoppel.

23. The Complaint is barred by laches

24. The Complaint is barred by waiver.

25. Plaintiff's Complaint is barred by the statutory cap on damages under the Local Government Tort Claims Act ("LGTCA").

WHEREFORE, the Defendants, William Harris and Shakil Moss having fully answered the Complaint, pray that the Complaint be dismissed with prejudice, with costs to be borne by the Plaintiff.

**FURTHER, DEFENDANTS, WILLIAM HARRIS AND SHAKIL MOSS, CLAIMS A TRIAL BY JURY OF ALL COUNTS ASSERTED IN PLAINTIFF'S COMPLAINT.**

Respectfully submitted,

_____/s/_____
Troy A. Priest, Esquire (Federal Bar # 12022)
Stroud & Priest, LLC
Inner Harbor Center
400 E. Pratt Street
Suite 800
Baltimore, Maryland 21202
(443) 759-3112

*Attorneys for Defendants*
*William Harris and Shakil Moss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July 2009, that a copy of Defendants William Harris and Shakil Moss' Answer to Complaint was filed and served electronically.

/s/
Troy A. Priest